JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE G. VILLALTA,<br><br>    Petitioner,<br><br>    v.<br><br>B. CATES,<br><br>    Respondent. | Case No. 8:21-01624-MCS (ADS)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

I.  **INTRODUCTION**

Before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Petitioner Jose G. Villalta ("Petitioner"). (Dkt. No. 1.) On January 6, 2022, the Court issued an Order Regarding Screening of Petition ("OSP") because Petitioner failed to pay the requiring filing fee or submit a completed IFP request and because the Petition appears to be unexhausted and untimely. (Dkt. No. 5.) Although Petitioner did pay the filing fee on January 28, 2022, he did not file a response to the substantive issues raised by the OSP by the February 7, 2022 deadline. (Id.) As a result, on February 23, 2022, the Court issued an Order to Show Cause ("OSC"),

ordering Petitioner to show cause by March 9, 2022 why this action should not be dismissed for failure to prosecute. (Dkt. No. 7.) As of the date of this Order, Petitioner has not filed a response to the OSC or OSP.

## II.  FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

Petitioner has failed to prosecute this habeas petition and comply with court orders. Petitioner did not respond to two court orders. The February 23, 2022 OSC expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed for lack of prosecution and failure to obey court orders pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Petitioner's repeated failure to respond despite court orders to do so reflects a lack of prosecution of the case. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's orders warrant dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive. The third factor—risk of prejudice to Respondent—also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc.,

542 F.2d 522, 524 (9th Cir. 1976) (stating that the "law presumes injury from unreasonable delay"). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal.

Finally, Petitioner has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed. Petitioner has been afforded the opportunity to do so yet has not responded. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

### III. CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: March 25, 2022

THE HONORABLE MARK C. SCARSI
United States District Judge

Presented by:

  /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge